

JUDGE LEISURE

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant United States Attorney
271 Cadman Plaza East, 8th Floor
Brooklyn, NY 11201
Telephone: (718) 254-6057

ARLENE P. MESSINGER (APM 1280)
Assistant General Counsel for SBIC Enforcement
Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone: (202)205-6857
Facsimile : (202)205-7154

RECEIVED
AUG 18 2008
U.S.D.C. S.D. N.Y.
CASHIERS

FILED
Clerk
District Court

SEP - 3 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MC 08 - 00047

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | |
| v. ) | Civ. Action No. |
| AVALON EQUITY FUND, L.P., ) | |
| Defendant ) | |

### COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

#### PARTIES, JURISDICTION AND VENUE

1.  This is a civil action brought by the United States of America on behalf of

its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Avalon Equity Fund, L.P., (hereinafter "Avalon" or "licensee") is a Delaware limited partnership that was licensed by SBA as a Small Business Investment Company on November 20, 2000, SBA license number 02/72-0601 and maintains its principal office and/or principal place of business at 800 Third Avenue, New York, New York 10022. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. The purpose of the Small Business Investment Act (hereinafter the "Act") is to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC") 15 U.S.C.§ 687(c). SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

2

6. An SBIC is a corporation, limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). SBA is responsible for licensing SBICs. 15 U.S.C. § 681(c).

7. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b).

8. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ration of outstanding leverage to leverageable capital.

9. If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

10. Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or

3

practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

### STATEMENT OF FACTS

11. Avalon was licensed by SBA as a Small Business Investment Company ("SBIC" or "licensee") pursuant to Section 301 of the Act, 15 U.S.C. § 681, on September 20, 2000, SBA License No. 02/72-0601, solely to do business under the provisions of the Act and regulations promulgated thereunder.

12. Avalon Equity Partners LLC, is the general partner of Avalon.

13. Avalon's Agreement of Limited Partnership ("ALP"), submitted to SBA by Avalon, expressly provides that Avalon is being organized solely for the purpose of operating as a small business investment company under the Act and the operations of the Partnership and the actions taken by the Partnership and the Partners shall be conducted in compliance with the Act.

14. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided Leverage to Avalon through the purchase of the following Participating Securities totaling $38,087,402.00:

| Certificate Number | Amount | Date | Rate of Prioritized Payment |
|---|---|---|---|
| 02038651-00 | $   592,402.00 | 2/01/11 | 6.640% |
| 02038652-09 | $ 1,000,000.00 | 2/01/11 | 6.640% |
| 02038653-07 | $ 4,000,000.00 | 2/01/11 | 6.640% |
| 02038654-05 | $ 3,355,000.00 | 8/01/11 | 6.344% |
| 02038655-03 | $ 1,700,000.00 | 8/01/11 | 6.344% |
| 02038656-01 | $ 1,265,000.00 | 8/01/11 | 6.344% |
| 02038657-10 | $   750,000.00 | 8/01/11 | 6.344% |
| 02038658-08 | $ 1,500,000.00 | 2/01/12 | 6.030% |
| 02038659-06 | $   700,000.00 | 2/01/11 | 6.030% |

4

| | | | |
|---|---|---|---|
| 02038660-09 | $ 2,300,000.00 | 2/01/12 | 6.030% |
| 02038661-07 | $   850,000.00 | 2/01/12 | 6.030% |
| 02038662-05 | $   500,000.00 | 2/01/12 | 6.030% |
| 02038663-03 | $ 1,050,000.00 | 8/01/12 | 5.199% |
| 02038664-01 | $ 2,000,000.00 | 8/01/13 | 5.136% |
| 02038665-10 | $   600,000.00 | 2/01/14 | 4.504% |
| 02038666-08 | $ 1,435,000.00 | 2/01/14 | 4.504% |
| 02038667-06 | $ 1,500,000.00 | 2/01/14 | 4.504% |
| 02038668-04 | $ 1,000,000.00 | 2/01/14 | 4.504% |
| 02038669-02 | $ 1,700,000.00 | 2/01/14 | 4.504% |
| 02038670-05 | $ 1,000,000.00 | 2/01/14 | 4.504% |
| 02038671-03 | $ 1,000,000.00 | 2/01/14 | 4.504% |
| 02038672-01 | $ 1,000,000.00 | 8/01/14 | 4.754% |
| 02038673-10 | $   500,000.00 | 8/01/14 | 4.754% |
| 02038674-08 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038675-06 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038676-04 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038677-02 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038678-00 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038679-09 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038680-01 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038681-10 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038682-08 | $   750,000.00 | 8/01/15 | 4.940% |
| 02038683-06 | $ 1,665,000.00 | 2/01/16 | 5.408% |
| 02064751-07 | $   375,000.00 | 2/01/17 | 5.459% |

(hereinafter referred to collectively as the "Participating Securities"). The principal amount of the participating securities purchased by SBA totals $38,087,402.00

15. Compliance with the terms of the Leverage provided by SBA required that Avalon not have a condition of Capital Impairment, as that term is defined under the Regulations, 13 C.F.R. § 107.1830, which provides that a Licensee such as Defendant has a condition of Capital Impairment if its Capital Impairment percentage exceeds sixty percent (60%).

16. Based upon Avalon's financial statements as of June 30, 2007, SBA determined that Avalon had a condition of Capital Impairment as its Capital Impairment percentage exceeded 61%. By letter dated August 31, 2007, (the "Notice of Violation"),

5

SBA informed Avalon that it had a condition of Capital Impairment in violation of SBA's regulations as its capital impairment percentage had increased to 61.09%. SBA directed Defendant to cure its condition of Capital Impairment within 15 days. In the Notice of Violation, SBA further informed Avalon that it would be placed in restricted operations and that SBA would implement the available remedies if it failed to cure its condition of Capital Impairment within the period specified by SBA.

17. Even in restricted operations, Avalon failed to cure its condition of Capital Impairment. By letter dated October 23, 2007, SBA informed the Defendant that it had been placed in liquidation status.

18. Based upon the Annual Financial Report submitted by Avalon for the fiscal year ending December 31, 2007 and the resulting Preliminary Capital Impairment Worksheet, SBA determined that Defendant's condition of Capital Impairment continued to worsen as its Capital Impairment percentage exceeded one hundred thirty four percent (134.37%)..

19. Avalon continues to have and has failed to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830.

20. Avalon's condition of Capital Impairment constitutes non-compliance with the terms of its Leverage under 13 C.F.R. § 107.1830(b) and is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities. These continuing violations of the Regulations and Act entitle SBA to the remedies thereunder.

21. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

6

Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

22. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. Avalon has an uncured condition of Capital Impairment as that term is defined under the Regulations, 13 C.F.R. § 107.1830(c), which provides that a Licensee such as Defendant has a condition of Capital Impairment if its Capital Impairment percentage exceeds sixty percent (60%).

25. Based upon Avalon's financial information as submitted to SBA by Avalon, SBA determined that Avalon's Capital Impairment is in excess one hundred and thirty-four percent (134%).

7

26. SBA has determined that Avalon has an uncured condition of Capital Impairment as that term is defined under the Regulations.

27. SBA has determined that Avalon is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

28. SBA has determined that Avalon is in violation of the Regulations, 13 C.F.R. § 107.1830 (b) and 507(a).

29. As a consequence of Defendant's continuing violation of 13 C.F.R.§§ 107.1830 (b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Avalon.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Avalon, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Avalon's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Avalon, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determines and adjudicates Avalon's noncompliance with the requirements of the Participating Securities and noncompliance and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Avalon, and all of its assets, wherever located and appoint SBA as permanent receiver of Avalon for the purpose of liquidating all of Avalon's assets and satisfying the claims of its legitimate creditors

8

therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Avalon, as appropriate.

D. That this Court orders that Avalon's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E. That this Court grants such other and further relief as may be deemed just and proper.

Respectfully submitted,

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

Dated: August 15, 2008    By: _____
William Young
Special Assistant United States Attorney
Office of the United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
Telephone: (718) 254-6057
Facsimile: (718) 254-8702

U.S. SMALL BUSINESS ADMINISTRATION

Dated: August 15, 2008    By: _____
Arlene P. Messinger
arlene.messingerlerner@sba.gov
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6857
Facsimile: (202) 481-0325